Shawn Khorrami, CA SBN 180411
skhorrami@kpalawyers.com
Robert J. Drexler, Jr., CA SBN 119119
rdrexler@kpalawyers.com
Launa Adolph, CA SBN 227743
ladolph@kpalawyers.com
**KHORRAMI POLLARD & ABIR LLP**
444 S. Flower Street, 33rd Floor
Los Angeles, California 90071
Telephone: (213) 596-6000
Facsimile: (213) 596-6010

Harris L. Pogust, PA Bar No. 52721
hpogust@pbmattorneys.com
Bharati O. Sharma, PA Bar No. 88440
bsharma@pbmattorneys.com
**POGUST, BRASLOW & MILROOD, LLC**
Eight Tower Bridge, Suite 1520
161 Washington Street
Conshohocken, PA 19428
Telephone: (610) 941-4204
Facsimile: (610) 941-4245

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELLEY ALBINI, an individual, on behalf of herself and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>ZYNGA GAME NETWORK, INC., a Delaware corporation; FACEBOOK, INC., a Delaware corporation; and DOES 1-50, inclusive;<br><br>Defendants. | Civil Action No.: CV10 4723<br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>1. VIOLATION OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT<br>2. VIOLATION OF THE STORED COMMUNICATIONS ACT<br>3. VIOLATION OF CAL. BUS. & PROF. CODE §17200<br>4. VIOLATION OF CALIFORNIA'S COMPUTER CRIME LAW<br>5. BREACH OF CONTRACT<br>6. VIOLAION OF CAL CIV. CODE §§1572 & 1573<br>7. UNJUST ENRICHMENT<br><br>**DEMAND FOR JURY TRIAL** |

1

COMPLAINT

Plaintiff Shelley Albini (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated, hereby alleges as follows:

## I. INTRODUCTION.

1. Plaintiff brings this Class Action on behalf of herself and all other similarly situated individuals whose privacy was violated by the actions of Defendants Zynga Game Network, Inc. (hereinafter "Zynga") and Facebook, Inc. (hereinafter "Facebook"). Plaintiff reserves the right to name additional class representatives.

## II. JURISDICTION AND VENUE.

2. This Court has personal jurisdiction over all Defendants because (a) a substantial portion of the wrongdoing alleged in this complaint took place in this state, (b) Zynga and Facebook are authorized to do business within the state, have sufficient minimum contacts with this state, maintain their headquarter offices in this state, and/or otherwise intentionally avail themselves of the markets in this state through the promotion, marketing and sale of products and services in this state, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

3. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(a) and (d) because the amount in controversy exceeds $5,000,000.00 exclusive of interest and costs, and named Plaintiff and more than two-thirds of the members of the putative class are citizens of states different than that of Zynga and Facebook. This Court also has federal question jurisdiction as this Complaint alleges violations of the Electronic Communications Privacy Act (18 U.S.C. § 2510 *et seq.*) and the Stored Communications Act (18 U.S.C. § 2701 *et seq.*).

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) because a substantial portion of the events and conduct giving rise to the violations of law complained of herein occurred in this District. Facebook's principal executive offices and headquarters are located in Palo Alto, California and Zynga's principal executive offices and headquarters are located in San Francisco, California.

### III. PARTIES.

5. Plaintiff Shelley Albini is a resident of New Haven County, Connecticut. She is a registered user of Facebook's services. During the relevant period, Plaintiff used a gaming application, or "app", created by Zynga called "Farmville" on Facebook.com.

6. Defendant Zynga Game Network, Inc. is a Delaware corporation that maintains its headquarters in San Francisco, California. Zynga conducts business throughout California and the United States.

7. Defendant Facebook, Inc. is a Delaware corporation that maintains its headquarters in Santa Clara County, California. Facebook conducts business throughout California and the United States.

### IV. FACTS COMMON TO ALL CAUSES OF ACTION.

8. Facebook is the world's largest social networking website, with over 500 million registered users worldwide.

9. Facebook allows users to subscribe to and use applications, or "apps," which are pieces of software that let users play games or share common interests with one another.

10. Zynga created and maintains numerous "apps", including "Farmville," one of Facebook's top-ranked "apps" with over 59 million users.

11. According to Facebook, its "mission is to give people the power to share and make the world more open and connected." (www.facebook.com/facebook?v=info%ref=pf). To accomplish that mission, Facebook allows anyone with access to a computer and an internet connection to register for its services free of charge, but requires that registrants provide their *actual* names rather than a "user name" that is more common among other comparable social-networking websites.

12. Once registered, Facebook users may post a plethora of information to their "Facebook profiles" including, but not limited to, their birth dates, places of birth, current and past addresses, present and past employment, relationship statuses, personal pictures and personal videos.

13. Each Facebook user has a user ID number which uniquely identifies that user. A Facebook's user ID is a public part of all Facebook profiles, and anyone can use an ID number to find a person's name using a standard web browser. A Facebook's user ID is available even if that user has set all of his or her information to be private. For users who have set their information to be accessible to "everyone," their Facebook ID reveals all information cited to above in Paragraph 12.

14. Contrary to the Statement of Rights and Responsibilities and Privacy Policies of Defendants' user agreements with their subscribers and contrary to state and federal law, many of Facebook's most popular "apps", including "Farmville", send Facebook ID numbers to numerous advertising and data firms, which then build profiles of Internet users by tracking their online activities.

15. Many of Facebook's most popular apps, including Zynga's "Farmville", transmit identifying information from users' pages and users' friends' pages, in effect, providing access to people's names to advertising and internet tracking companies. This affects millions of Facebook "app" users, including those who set their profiles to be completely private and those who are linked to users of "apps" including "Farmville."

16. As a direct and proximate result of Defendants' unlawful actions, Plaintiff and members of the Class have suffered and continue to suffer damages in amounts as yet to be ascertained, but subject to proof at trial in amounts in excess of the minimum jurisdiction of this Court.

## V. CLASS ACTION ALLEGATIONS.

17. Plaintiff bring this action on behalf of herself and the following class: all Facebook users in the United States who, at any time after October 18, 2006 utilized a Facebook application, including but not limited to Farmville, manufactured by Zynga (the "Class"). Excluded from the Class are Defendants, their officers and directors, legal representatives, successors or assigns, any entity in which either Defendant has a controlling interested, the judge to whom this case is assigned and the judge's immediate family.

COMPLAINT

18. Every member of the proposed Class is a party to Defendants' Terms and Conditions and Privacy Policy as alleged herein.

19. Plaintiff Shelley Albini is a member of the Class she seeks to represent.

20. <u>Numerosity</u>. The potential members of the Class are so numerous that joinder of all members would be impractical. Since 2006, Facebook has grown from millions of users to over 500 million users. Upon information and belief, there are millions of Facebook users who utilize applications such as Farmville and thus millions of persons in the Class. The number of Class Members is known to Defendants.

21. <u>Commonality</u>. This case poses questions of law and fact common to the Class as a whole that predominate over any questions affecting individual members of the Class. Those common questions include, but are not limited to, the following:

    (a) how and what personally-identifiable user data information was transmitted to third parties through applications such as Farmville;

    (b) whether Defendants violated their Statement of Rights and Responsibilities and Privacy Policies with their subscribers and other representations to users by allowing manufacturers of applications available through Facebook to make users' personal information available to third parties;

    (c) whether Class members are entitled to damages as a result of Defendants' conduct, and, if so, what is the measure of those damages;

    (d) whether Defendants' conduct as described herein violated the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, (the "ECPA");

    (e) whether Defendants' conduct described herein violated the Stored Communications Act, 18 U.S.C. § 2701 *et seq.*, (the "SCA");

    (f) whether Defendants' conduct described herein violated California's Unfair Competition Law (Cal. Bus. Prof. Code § 17200, *et seq.*);

    (g) whether Defendants' conduct described herein violated California's Computer Crime Law (Cal. Penal Code § 502);

|   |     |                                                                                      |
|---|-----|--------------------------------------------------------------------------------------|
| 1 | (h) | whether Defendants' conduct described herein violated the California                 |
| 2 |     | Consumer Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.*);                      |
| 3 | (i) | whether Defendants' conduct described herein constitutes breach of                   |
| 4 |     | contract;                                                                            |
| 5 | (j) | whether Defendants were unjustly enriched as a result of their conduct               |
| 6 |     | described herein; and                                                                |
| 7 | (k) | what relief is necessary and appropriate to remedy Defendants' unlawful              |
| 8 |     | conduct.                                                                             |

22. Typicality. The claims of Plaintiff are typical of the claims of the Class as a whole as all have been similarly affected by Defendants' uniform and actionable conduct as alleged herein.

23. Adequacy of Class Representation. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.

24. Adequacy of Class Counsel. Plaintiff's counsel is competent and experienced in litigating class actions. Plaintiff has no interests antagonistic to, or in conflict with, the Class that Plaintiff seeks to represent.

25. Propriety of Class Certification. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The injury suffered by each individual Class Member is relatively small, given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct. Even if the individual members of the Class could afford such individual litigation, the court system could not. Moreover, Defendants have implemented a common scheme through the use of uniform practices that apply generally to the Class. Questions of law and fact common to the Class, therefore, predominate over any questions affecting only individual members of the Class.

///
///
///

COMPLAINT

### FIRST CAUSE OF ACTION

### VIOLATION OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT

26. The allegations set forth in paragraphs 1 through 25 are incorporated herein by reference.

27. Plaintiff brings this claim for relief on behalf of herself and the members of the Class.

28. The Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.* (the "ECPA") broadly defines an "electronic communication" as "any transfer" of signs, signals, writing images, sounds, data or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system that affects interstate or foreign commerce..." 18 U.S.C. § 2510(12).

29. Pursuant to the ECPA, Zynga and Facebook operate "electronic communications services" as defined in 18 U.S.C. § 2510(15). Zynga and Facebook provide their users with the ability to send or receive electronic communications to or from any of Facebook's and Zynga's millions of users and to or from third parties who are not Facebook users, such as advertisers and data collectors.

30. The ECPA prevents an electronic communications service provider from intentionally divulging the contents of any communication while in transmission on that service to any person or entity other than an addressee or intended recipient of such communication. 18 U.S.C. § 2511(3)(a).

31. Plaintiff and Class Members are "person[s] whose...electronic communication[s] [are] disclosed...or intentionally used in violation of this chapter" within the meaning of 18 U.S.C. § 2520(a).

32. By using Facebook applications such as Farmville, Facebook users are asking Zynga and Facebook to send an electronic communication. However, pursuant to Facebook's Statement of Rights and Responsibilities and Privacy Policies, users do not expect and do not consent to disclosure of data to outside advertising and data companies.

33. Plaintiff and the Class, pursuant to 18 U.S.C. § 2520(2), are entitled to preliminary, equitable, and declaratory relief, in addition to statutory damages of the greater of $10,000 or $100 per day for each day of violation, actual and punitive damages, reasonable attorneys' fees, and Zynga and Facebook's profits obtained from the violations described herein.

WHEREFORE, Plaintiff prays for judgment against Defendants, as set forth herein below.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF THE STORED COMMUNICATIONS ACT

34. The allegations set forth in paragraphs 1 through 33 are incorporated herein by reference.

35. Plaintiff brings this claim for relief on behalf of herself and the members of the Class.

36. The Stored Communications Act of 1986 ("SCA") incorporates the ECPA's definition of an "electronic communication service." 18 U.S.C. § 2711(1). As set forth above, Zynga and Facebook are electronic communications service providers within the meaning of the ECPA and are therefore subject to the restrictions contained in the SCA governing electronic communications service providers.

37. The SCA also incorporates the ECPA's broad definition of "electronic communication" and "electronic storage." 18 U.S.C. § 2711(1). Pursuant to the ECPA and SCA, "electronic storage" means any "temporary storage of a wire or electronic communication incidental to the electronic transmission thereof." 18 U.S.C. § 2510 (17)(A). This type of electronic storage includes communications in intermediate electronic storage that have not yet been delivered to their intended recipient.

38. The SCA prohibits any electronic communications service provider from divulging to any person or entity the contents of a communication while in electronic storage by that service. 18 U.S.C. § 2702(a)(1).

COMPLAINT

39. When a Facebook user uses an application such as Farmville, the user is asking Zynga and Facebook to send an electronic communication allowing the user to participate in the game. When using an application such as Farmville, Zynga and Facebook, via an electronic communication, tell outside advertisers and data collectors who the user is and who the user's Facebook friends are. By divulging to advertisers and data collectors the user's identity, Zynga and Facebook violated 18 U.S.C. § 2702(a)(1).

40. As a result of Zynga and Facebook's disclosure of user identities, Facebook gives unauthorized access to and thereby divulges electronically-stored information to advertisers and data collectors about the particular user who used "apps" created by Zynga including "Farmville." With the user ID that Zynga and Facebook provide, advertisers and data collectors can navigate user profiles and see a user's stored electronic communications.

41. Zynga and Facebook intentionally and knowingly divulged confidential and private information relating to Plaintiff and Class Members' stored electronic communications without the consent, knowledge or authorization of Plaintiff and members of the Class.

42. Plaintiff and the Class Members are "person[s] aggrieved by [a] violation of [the SCA] in which the conduct constituting the violation is engaged in with a knowing or intention state or mind..." within the meaning of 18 U.S.C. § 2707(a).

43. Each incident in which Zynga and Facebook provided personally identifiable information of a Facebook user, thereby divulging the user's stored communications to a third party, is a separate and distinct violation of the SCA, subject to the remedies provided under the SCA, and specifically pursuant to 18 U.S.C. § 2707(a).

44. Plaintiff and the Class Members therefore seek remedy as provided for by 18 U.S.C. § 2707(b) and (c), including such preliminary and other equitable and declaratory relief as may be appropriate, damages consistent with subsection (c) of that section to be proven at trial, punitive damages to be proven at trial, and attorneys' fees and other litigation costs reasonably incurred. Plaintiff and the Class Members are entitled to statutory damages of no less than $1,000 per violation, actual and punitive damages, reasonable attorneys' fees and Zynga and Facebook's profits obtained from the violations described herein.

WHEREFORE, Plaintiff prays for judgment against Defendants, as set forth herein below.

### THIRD CAUSE OF ACTION

### UNLAWFUL, DECEPTIVE AND/OR UNFAIR BUSINESS PRACTICES

45. The allegations set forth in paragraphs 1 through 44 are incorporated herein by reference.

46. Plaintiff brings this claim for relief on behalf of herself and the members of the Class.

47. California Business & Professions Code §17200 provides that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice." This statute protects both consumers and competitors by promoting fair competition in commercial markets for goods and services. California Business & Professions Code §17500 makes it unlawful for corporations to make "untrue or misleading [statements], and which [are] known, or which by the exercise of reasonable care should be known, to be untrue or misleading…" This statute makes false representations concerning maintaining privacy illegal.

48. Defendants are "persons" as defined under Business & Professions Code section 17201.

49. Defendants have violated the "unlawful" prong of the UCL in that Zynga and Facebook's conduct violated the ECPA (18 U.S.C. § 2510 *et seq.*), the SCA (18 U.S.C. § 2701 *et seq.*), Consumer Legal Remedies Act (Cal. Civ. Code § 1759 *et seq.*) and the California Computer Crime Law (Cal. Penal Code § 502).

50. Facebook violated the "fraudulent" prong of the UCL and California Business & Professions Code §17200 by explicitly representing in its Statement of Rights and Responsibilities, Privacy Policy and public statements that it would not make users' personal information available to any third party without authorization. Facebook used those misrepresentations to induce users to submit their personally identifiable information to its

10

COMPLAINT

website. Zynga and Facebook then knowingly transmitted that information to third parties without its users' authorization.

51. Zynga and Facebook violated the "unfair" prong of the UCL by gaining control over and divulging to third parties its users' identifiable information without consent and under false pretenses.

52. Plaintiff and the Class Members have suffered injury in fact and have lost money or property as a result of Defendants' unfair competition as alleged herein. Zynga and Facebook's unfair, deceptive and fraudulent practices occurred primarily and substantially in California as decisions regarding the retention and safeguarding the disclosure of user information were made in California.

53. By and through unlawful and fraudulent business practices described herein, Defendants have obtained valuable property, money and services from Plaintiff and the Class, Members and have deprived Plaintiff and the Class Members of valuable rights and benefits guaranteed by the law, all to their detriment.

54. Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff seeks an order of this Court permanently enjoining Zynga and Facebook from continuing to engage in the unfair, unlawful and fraudulent conduct described herein. Plaintiff seeks an order requiring Zynga and Facebook to (1) immediately cease the unlawful practices stated in this Complaint; and (2) awarding Plaintiff and the Class reasonable costs and attorneys' fees pursuant to Cal. Code Civ. Proc. § 1021.5.

WHEREFORE, Plaintiff prays for judgment against Defendants, as set forth herein below.

## FOURTH CAUSE OF ACTION
## BREACH OF CONTRACT

55. The allegations set forth in paragraphs 1 through 54 are incorporated herein by reference.

56. Plaintiff brings this claim for relief on behalf of herself and the members of the Class.

57. In order to register for and use its social-networking website, Facebook required that Plaintiff and the Class Members affirmatively assent to its Statement of Rights and Responsibilities and Privacy Policy ("Facebook Agreement"). In order to use and display "Farmville" and other software, Zynga required that Plaintiff and the Class Members affirmatively assent to its Terms of Service ("Zynga Agreement"). The Zynga Agreement states, "Zynga respects the privacy of visitors to our game. Information collected from you is subject to the pertinent social network's policy."

58. The provisions of the Facebook Agreement and Zynga Agreement constitute a valid and enforceable contracts between Plaintiff and the Class Members on one hand, and Defendants on the other.

59. Under the Facebook Agreement and Zynga Agreement, Plaintiff and the Class Members transmitted sensitive personally identifiable information to Defendants in exchange for Defendants' promise that it would not share that personal information with third parties without their authorization.

60. Defendants' users pay for Defendants' services with their personal information. Defendants' users exchange something valuable- access to their personal information – for Defendants' services and Defendants' promise to safeguard that personal information. In particular, Facebook promise that any personal information submitted by its users will only be disclosed in the specific ways and circumstances set out in Facebook's Statement of Rights and Responsibilities and Privacy Policy and with user consent. As set forth in paragraph 64, the Zenga Agreement confirms that information collected by the use of "Farmville" and other Facebook "apps" is subject to Facebook's policies.

61. Defendants collect revenues in large part because the personal information submitted by their users increase the value of their advertising services. Because Defendants have access to highly personal information about their users, Defendants' platform is particularly attractive to advertisers and marketers who can and do use that personal information to deliver highly-targeted ads to Defendants' users. In this regard, Defendants'

services are vehicles to acquire personal information about consumers in order to sell that personal information.

63. If not for the inherent and identifiable value of access to personal consumer information, Defendants would be much less profitable. Thus, their promises concerning the safeguarding of the personal information Defendants receive from their users in exchange for their services are vital to their business and their users.

63. Defendants' practices- providing services to consumers and profiting from the sale of personal information to advertisers- have helped Defendants achieve valuation exceeding $30 billion.

64. Defendants materially breached the terms of the Agreements through the unlawful conduct alleged herein, including their disclosure of Plaintiff's and the Class Members' personal information to third parties.

65. As a result of Defendants' misconduct and breach of the Agreements as described herein, Plaintiff and the Class have suffered injury.

WHEREFORE, Plaintiff prays for judgment against Defendants, as set forth herein below.

## FIFTH CAUSE OF ACTION

## VIOLATION OF CAL. CIV. CODE §§ 1572 & 1573

66. The allegations set forth in paragraphs 1 through 65 are incorporated herein by reference.

67. Plaintiff brings this claim for relief on behalf of herself and the members of the Class.

68. Cal. Civ. Code §§ 1572 provides in relevant part that actual fraud exists when a party to a contract suppresses "that which is true, by one having knowledge or belief of the fact" "with intent to deceive another party thereto, or to induce him to enter into the contract."

69. Cal. Civ. Code § 1573 provides in relevant part that constructive fraud exists "[i]n any such act or omission as the law specifically declares to be fraudulent, without respect to actual fraud."

70. Defendants violated § 1572 through their repeated and explicit false assertions that they would not share the identity of users with third parties without consent, as described herein. Defendants further violated this section by suppressing its knowledge of this fact.

71. Additionally and/or alternatively, Defendants violated § 1573 by breaching their duty to protect users' identities from third parties and gaining an advantage in doing so, by misleading its users to their prejudice, as described herein.

72. Plaintiff, on behalf of herself and the Class, seeks injunctive relief. Plaintiff will amend her complaint at a later time to seek damages from Defendants, including but not limited to disgorgement of all proceeds Defendants obtained from their unlawful business practices.

WHEREFORE, Plaintiff prays for judgment against Defendants, as set forth herein below.

## SIXTH CAUSE OF ACTION

## UNJUST ENRICHMENT

73. The allegations set forth in paragraphs 1 through 72 are incorporated herein by reference.

74. Plaintiff brings this claim for relief on behalf of herself and the members of the Class.

75. Plaintiff and the Class Members have conferred a benefit upon Defendants. Defendants have received and retained money belonging to Plaintiff and the Class Members as a result of sharing Facebook users' personal information with third parties without their consent, as described herein.

76. Defendants appreciate or have knowledge of said benefit.

77. Under the principles of equity and good conscience, Defendants should not be permitted to retain money belonging to Plaintiff and the Class Members that they unjustly received as a result of Defendants' actions.

78. Plaintiff and the Class Members have suffered loss as a direct result of Defendants' conduct.

79. Plaintiff, individually and on behalf of the Class, seeks the imposition of a constructive trust on and restitution of the proceeds Defendants received as a result of the conduct described herein, as well as attorney's fees and costs pursuant to Cal. Civ. Proc. Code § 1021.5.

WHEREFORE, Plaintiff prays for judgment against Defendants, as set forth herein below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for an order granting the following relief:

1. Certifying this case as a class action on behalf of the Class defined herein, appointing Plaintiff Albini as a class representative and appointing her counsel as class counsel.

2. Declaring that Zynga and Facebook's actions, as described herein, violate the ECPA, the SCA, California Unfair Competition Law, the Computer Crime Law, and the Consumer Legal Remedies Act, and constitute breach of contract, fraud and unjust enrichment.

3. Certifying this case as a class action on behalf of the Class defined herein, appointing Plaintiff Albini as a class representative and appointing her counsel as class counsel.

4. Declaring that Zynga and Facebook's actions, as described herein, violate the ECPA, the SCA, California Unfair Competition Law, the Computer Crime Law, and the Consumer Legal Remedies Act, and constitute breach of contract, fraud and unjust enrichment.

5. Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class, including, an order prohibiting Zynga and Facebook from engaging in the wrongful and unlawful acts described herein;

6. Awarding damages, including statutory damages where applicable, to Plaintiff and the Class in an amount to be determined at trial under the first, second, third,

1 | fourth, and sixth causes of action only;

2 |     7.    Awarding all economic, monetary, actual, consequential and compensatory damages caused by Zynga and Facebook's conduct, and if it is proved to be willful, award Plaintiff and the Class exemplary damages under the first, second, third, fourth, and sixth causes of action only;

    8.    Awarding restitution against Zynga and Facebook for all money to which Plaintiff and the Class are entitled in equity;

    9.    Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

    10.    Awarding Plaintiff and the Class pre- and post-judgment interests, to the extent available; and

    11.    Awarding such other and further relief as equity and justice may require.

DATED: October 19, 2010          **KHORRAMI POLLARD & ABIR LLP**

By: _(signature)_
Launa Adolph
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and all others similarly situated, hereby requests that this action be tried before a jury.

DATED: October 19, 2010

KHORRAMI POLLARD & ABIR LLP

By: _____
Launa Adolph
Attorney for Plaintiff

COMPLAINT